In re VANIMAN INTERNATIONAL, INC., Debtor,

v.

RICK KREINDLER ASSOCIATES, INC., Appellant.

No. CV 82–1633.

United States District Court, E.D. New York.

Oct. 22, 1982.

Chester B. Salomon, P.C., New York City (Alec P. Ostrow, New York City, of counsel), for debtor.

David B. Pressman, Mineola, N.Y., for appellant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Rick Kreindler Associates, Inc. (Kreindler), a real estate broker, appeals from an

order of Bankruptcy Judge Cecelia H. Goetz allowing compensation of $12,000 to Kreindler in connection with the sale of real property by the trustee. Kreindler seeks $32,100.

The detailed facts are set forth in Judge Goetz's opinion, as amended, and need not be repeated. At the trustee's request, Judge Goetz authorized him to sell the real property free of liens but modified the terms of sale proposed by the trustee to eliminate a commitment to pay a flat 6 percent brokerage commission and to provide that the trustee would pay "a single brokerage commission as may be authorized and approved by the bankruptcy court." Kreindler knew that only such a commission would be payable. Nevertheless, Kreindler urged the bankruptcy court and urges here that $32,100 should be paid since 6 percent was the "customary" commission charged by brokers in the area.

Under 11 U.S.C. § 327 the trustee, with the court's approval, may employ "professional persons" such as Kreindler. By 11 U.S.C. § 328(a) this employment may be "on any reasonable terms and conditions . . ., including on a retainer, on an hourly basis, or on a contingent fee basis." Under 11 U.S.C. § 330(a) the court, after notice and hearing, may award a professional person "reasonable compensation" for necessary services to the estate "based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title."

Kreindler asserts that the statutory reference to "the cost of comparable services" required Judge Goetz to approve the "customary" brokerage fee as the only "reasonable" fee or at least not to take into account, as she did, the amount which would be left for creditors after payment of the fee. The language of section 330(a), naming a series of matters to be considered by the court, is hardly susceptible of an interpretation that would require the bankruptcy judge to approve any fee which was customary. But in any event the legislative history makes it clear that Kreindler's con-

tention is not warranted. The pertinent Senate Committee Report (which is not mentioned by Kreindler), No. 95–989, 95th Cong. 2d Sess. 40, 1978 U.S.Code Cong. and Admin.News 5787, 5826, recites, in pertinent part:

> Section 330 authorizes the court to award compensation for services and reimbursement of expenses of officers of the estate, and other professionals. The compensation is to be reasonable, for economy in administration is the basic objective . . . .
>
> The reference to 'the cost of comparable services' in a nonbankruptcy case is not intended as a change of existing law. In a bankruptcy case fees are not a matter for private agreement. There is inherent a "public interest" that "must be considered in awarding fees." [Citation omitted]. An allowance is the result of a balance struck between moderation in the interest of the estate and its security holders and the need to be 'generous enough to encourage' the lawyers and others to render the necessary and exacting services that bankruptcy cases often require, [citation omitted]. The rates for similar kinds of services in private employment is one element, among others, in that balance. Compensation in private employment noted in subsection (a) is a point of reference, not a controlling determination of what shall be allowed in bankruptcy cases.

The House Report, No. 95–595, 95th Cong., 2d Sess. 329–30, 1978 U.S.Code Cong. and Admin.News 6286, cited by Kreindler, is not in conflict with the Senate Report's statement that "the cost of comparable services" was to be but "one element," not "a controlling determination" in fixing fees. The House Report states that the effect of the language referring to "the cost of comparable services" was to overrule *In re Beverly Crest Convalescent Hospital, Inc.*, 548 F.2d 817 (9th Cir.1976, as amended 1977), "which set an arbitrary limit on fees payable, based on the amount of a district judge's salary," and other similar cases that required fees to be "determined" based on

notions of conservation of the estate and economy of administration.

The two reports are consistent. Congress' manifest purpose was to make neither the cost of comparable services nor the notion of conservation and economy the sole factor by which fees were to be "determined." These elements and others were to be taken into account in striking the balance which the Senate Report mentioned.

Judge Goetz's opinion shows that she was fully aware of the considerations at stake, and her conscientious determination as to the weight to be given to each will not be disturbed.

The order is affirmed. So ordered.