## In re AIRLIFT INTERNATIONAL, INC., Debtor.

### Bankruptcy No. 81-00846-BKC-SMW.

United States Bankruptcy Court, S.D. Florida.

Oct. 26, 1982.

---

**129**

James A. Dillian, Timothy J. Norris, Miami, Fla., Robert A. Schatzman, Coral Gables, Fla., for debtor.

## ORDER ON PETITION FOR COMPENSATION OF PROFESSIONAL

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came to be heard by the Court on the Petition for Compensation of Professional and the Amendment to the Petition for Compensation of Professional filed by Associates International, Inc. ("Associates") and the objections filed thereto by William D. Seidle ("Trustee"), Trustee of the estate of Airlift International, Inc., Debtor. The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

On March 15, 1982, the Court authorized the Trustee to retain Associates as a professional consultant to assist the Trustee in obtaining the reissuance of the estate's air carrier operating certificate from the Federal Aviation Administration. In that Order, the Court further authorized the Trustee to compensate Associates at the rate of $400.00 per day plus expenses for the services of Jaime D. Serra, Jr., the President of Associates, and at the rate of $50.00 per hour to Mr. Serra's associates. Serra estimated that the total cost of Associates' services would be approximately $14,000.00. Associates began work as consultant to the Trustee on March 15, 1982 and discontinued its services on March 31, 1982. At that

time, the Federal Aviation Administration had not reissued the estate's operating certificate, and in fact a certificate was not issued to the estate until April 12, 1982.

Associates submitted interim billings to the Trustee during and after its rendition of services which totalled $14,302.20. The Trustee paid $5,757.00 pursuant to Associates' first interim billing, but has declined to pay the outstanding amount of $8,545.20, which is the amount sought in Associates' petition for compensation of professional. Subsequently, on behalf of Aviation Consulting Services, Inc., Associates requested the Trustee to pay $10,000.00 as consideration for the provision to the estate of a DC-8 maintenance program. The Trustee declined payment and Associates filed an amendment to its petition for compensation requesting payment of an additional $10,-000.00.

■ The Court is aware that its Order authorizing Associates' retention provided for compensation at the rate of $400.00 per day for the services of Mr. Serra and at the rate of $50.00 per hour for his Associates. However, under 11 U.S.C. § 328(a), the rate of compensation previously set by the Court does not necessarily control the amount of compensation which actually should be awarded. Section 328(a) provides:

The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. *Notwithstanding the terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments unanticipatable at the time of the fixing of such terms and conditions.* (Emphasis added).

Thus, the Court is empowered by § 328 to reduce the rate of compensation provided

for in its prior Order if it finds that the services performed do not warrant compensation at the previously ordered rate. *See In re Seatrain Lines, Inc.,* 13 B.R. 980, B.C.D. 192 (Bkrtcy.S.D.N.Y.1981). An example of this judicial review of previously ordered compensation is contained in *In re Codesco, Inc.,* 15 B.R. 351 (Bkrtcy.S.D.N.Y. 1981). The court therein reduced the maximum amount of compensation contained in its order authorizing employment of accountants on the basis that the accountants' work was incomplete and the quality of the work was poorer than had been anticipated at the time of the court's order setting the terms of compensation.

In the present case, the Trustee argued that the quality of Associates' services did not equal the standard that had been anticipated at the time of the Court's Order authorizing employment and setting the rate of compensation. The Trustee testified that the work necessary to obtain the reissuance of the estate's operating certificate was incomplete at the time that Associates discontinued its services. Ralph Chrismon, an employee of Airlift's estate, testified that the operating certificate was not obtained until after Associates discontinued work and was obtained only through the efforts of paid Airlift employees and retired Airlift pilots who donated their time to the project. Chrismon also testified that Associates' work product contained errors which had to be corrected before the Federal Aviation Administration would reissue Airlift's operating certificate. In summary, the Trustee argued that Associates already had been paid $5,757.00 and that the poor quality of Associates' services requires that its request for additional compensation be denied.

Associates argued to the contrary that its services rendered were completed and competently performed, and that it is entitled to $14,302.20.

■ The Court has weighed and considered the documentary and testimonial evidence presented by the parties and finds that the quality of services performed by Associates does not warrant compensation

at the rate prescribed in its March 15, 1982 Order. Associates' work remained incomplete when it discontinued its services. In fact, Serra testified that the reason that services were discontinued was that the amount of compensation billed had exceeded Serra's estimate of $14,000.00. In addition, the Court finds that the work product contained errors which require a reduction of the allowed amount of compensation to Associates. Therefore, the Court concludes that an award in the total amount of $10,-000.00 reflects the reasonable value of the services performed by Associates. Since Associates already has received compensation in the amount of $5,757.00, it is entitled to payment of additional compensation in the amount of $4,243.00. The Court also finds that the Trustee's refusal to pay the amount requested in Associates' interim billings was not unwarranted or done in bad faith. Thus, Associates' request for payment of 12 percent interest from March 26, 1982 is denied, and its request for attorneys' fees also is denied.

Associates also requested payment of $10,000.00 in consideration for a DC–8 maintenance program provided by Aviation Consulting Services, Inc. ("Aviation"). The evidence was uncontradicted that the maintenance program was adapted from another airline's maintenance program by simply inserting Airlift's name in place of the other airline's name. Associates did not introduce any evidence to show that the Trustee authorized payment of $10,000.00 to Aviation prior to its provision of a maintenance program. In fact, the Trustee testified that he was unaware that Aviation was requesting payment for a DC–8 maintenance program until Associates amended its petition for compensation. Thus, the Court finds that the Trustee never approved the provision of a maintenance program on that basis.

Moreover, Associates has no standing to request payment on behalf of Aviation. Associates contends that Aviation assigned its claim against the estate to Associates on August 23, 1982. However, the terms of the assignment show that the claim was assigned by Alfred Stelzer rather than Aviation Consulting Services, Inc. Accordingly, the assignment is insufficient to transfer Aviation's claim to Associates. Even if the assignment was valid, the Court finds that the maintenance program constituted a part of the services that Associates agreed to provide to the estate. Thus, the Court's award of $10,000.00 adequately compensates Associates for the maintenance program, especially in view of the evidence showing that the program was simply adapted from another airline's maintenance program.

Accordingly, it is

ORDERED as follows:

1. Associates' Petition for Compensation of Professional is allowed in the total amount of $10,000.00. Since Associates already has received compensation in the amount of $5,757.00, the Trustee is directed to pay Associates the remaining sum of $4,243.00 in full satisfaction of Associates' request for compensation.

2. Associates' request for payment of 12 percent interest from March 26, 1982 and for payment of attorneys' fees is denied.

3. Associates' request for payment of $10,000.00 as consideration for the provision of a DC–8 maintenance program is denied.