**In re B.J. GAFF, INC., Debtor.**

**Bankruptcy No. 3–83–254.**

United States Bankruptcy Court, D. Minnesota.

March 6, 1984.

David J. Butler, Minneapolis, Mn., for Debtor.

Elizabeth Zerby, St. Paul, Mn., for Winona National Bank.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the Court on the applications of Debtor's counsel for allowance of attorney fees. Debtor's counsel has previously received $10,000.00 in fees from third parties, i.e., former officers of the Debtor. Counsel now seeks additional fees in the amount of $3,181.08. The U.S. Trustee filed written objection to the application on the basis that the bankruptcy estate should not be further depleted by payment of attorneys fees. The U.S. Trustee's objection is well taken by this Court.

Based on the file, the Court makes the following order pursuant to Rules of Bankruptcy Procedure.

The Debtor filed a voluntary Chapter 11 bankruptcy case on February 14, 1983. On May 10, 1983 the Court granted the motion of Winona National Bank and the U.S. Trustee for an appointment of an operating

trustee pursuant to 11 U.S.C. 1104. At that time it was clear that the Debtor was not complying with the reporting provisions of the Bankruptcy Code, was consistently failing to meet its own projections of income and expenses, and was being operated in an extremely questionable manner. On May 18, 1983 the Trustee filed a report confirming the creditors' suspicions as to how the business had been operated. The trustee then abandoned the bar supplies, fixtures, machinery and equipment, and lessee's interest and option to purchase the property to the mortgagee, Cliff Vierus, because the property was mortgaged in excess of its value. The Trustee likewise abandoned a 1964 Cessna 206 airplane to American National Bank and Trust Company. In the interim, the Debtor's counsel made an application for allowance of fees. Both the Trustee and U.S. Trustee filed objections to the application. On June 21, 1983 the Court took the matter under advisement.

On August 10, 1983 the Trustee filed a motion to convert the case to a proceeding under Chapter 7. The motion was based on the fact the Trustee had abandoned the business assets to the secured creditors. On September 30, 1983 the Court entered an Order converting the case. On January 23, 1984, Debtor's counsel renewed his request for attorney fees. The U.S. Trustee again filed written objection.

Pursuant to 11 U.S.C. § 328(a), the Court has the power to review fee applications and determine reasonable fees. See, e.g., *In re Vaniman International, Inc.,* 24 B.R. 207 (D.Ct.N.Y.1982); and *Matter of Liberal Market, Inc.,* 24 B.R. 653 (Ohio 1982). The Debtor's attorney has already received $10,000.00 in fees in a case which clearly should not have been filed as a Chapter 11 reorganization case. All the major assets were encumbered well in excess of their value. In addition, counsel was an attorney for the debtor-in-possession for only a few months. Other than filling out the petition, attending the first meeting of creditors, and consulting with the Debtor, counsel did very little to earn his fees.

This Court is making no determination at this time as to the reasonableness of the $10,000.00 already paid counsel by third parties. It is the duty of the trustee to recover property of the estate. Although counsel was paid by third parties, those persons were principals of the debtor and "insiders" within the meaning of the Code. It is highly possible that the source of the funds used to pay the $10,000.00 was property of the debtor. However, that investigation properly lies with the trustee and is not before the Court at this time.

In light of all these considerations, the Court finds counsel's request for additional fees to be unreasonable and disproportionate to the amount of labor expended in this case.

**THEREFORE, IT IS ORDERED** that Debtor's counsel's application for fees be and the same is hereby denied.