**In re Charles Leroy HUMBERT, et al.**

**No. C 82–439.**

United States District Court,
N.D. Ohio, W.D.

March 29, 1984.

*OPINION and ORDER*

WALINSKI, District Judge.

This cause is before the Court on appeal from an order of the United States Bankruptcy Court for the Northern District of Ohio, Western Division, 21 B.R. 489, awarding appellant $7,500 for services performed as attorney for the trustee. Appellant contends that he is entitled to compensation in the amount of $37,301.06 pursuant to a contingent fee contract.

Debtors, Charles and Linda Humbert, filed a joint Chapter 7 petition in Bankruptcy on September 24, 1980. Appellant, John J. Hunter, was appointed interim trustee on that date and was appointed trustee on October 10, 1980. On November 18, 1980

644

the Bankruptcy Court granted the trustee's application to serve as his own attorney.

The debtor's schedule of assets included a contingent recovery of insurance proceeds in an unknown amount. This recovery involved a fire loss claim by debtor. When the insurer, Mid-American Fire and Casualty Company, refused to pay this claim the attorney filed a complaint for recovery against the debtors and their insurer. Eventually trustee's attorney effected settlement with the insurer for the maximum recoverable benefits under the policy in the amount of One Hundred Eleven Thousand Eight Hundred Five Dollars ($111,805.00).

On January 18, 1982 the trustee's attorney filed a request for compensation, pursuant to 11 U.S.C. § 331. The Bankruptcy Court rejected appellant's request for a one-third contingent fee and awarded a premium over the attorney's usual $100 hourly rate, which totaled $7,500 for approximately thirty-six (36) hours work.

■ Although the compensation awarded an attorney employed by the trustee must be reasonable and based on relevant factors the Bankruptcy Court is allowed broad discretion in fixing that award. *Matter of U.S. Golf Corp.*, 639 F.2d 1197 (5th Cir.1981); *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). *Matter of McCombs*, 33 B.R. 387 (E.D.Mo.1983). Such determination will be reversed on appeal "only if the bankruptcy judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Matter of U.S. Golf Corp., supra*, at 1201; *See also In re First Colonial Corp. of America, supra; Matter of McCombs, supra.*

■ Applying this standard the Court can find no abuse of discretion in the present case. The Bankruptcy Court conducted a full evidentiary hearing on the application for fees. That Court's opinion included a detailed analysis of the relevant

provisions of the Bankruptcy Code dealing with compensation, including 11 U.S.C. §§ 327, 328, 330, and 331. The Court reviewed the evidence presented under the applicable factors used to determine a fee award as set forth in *In re First Colonial Corp., supra*, and other cases. *Matter of U.S. Golf Corp., supra; In re D.H. Overmeyer Co. Inc.*, 3 B.R. 678 (Bkrtcy.S.D.N.Y.1980). Accordingly this Court finds no error in the legal standards employed, nor in the procedures followed, by the Bankruptcy Court.

Appellant contends that there are errors of law and fact in items 3 and 8 of the Bankruptcy Court's conclusions of law. (Appellant's Brief at 8). Specifically, appellant argues that it is customary to employ a contingent fee contract in fire loss cases and that such an arrangement is, therefore, reasonable under the circumstances. (*Id.* at 10). Appellant further contends that a contingency contract did exist and that it was not necessary to reduce such contract to writing in light of the unique situation where one person serves both as trustee and attorney. (*Id.* at 8, 12). Finally, it is argued that there is no duty to disclose the fee agreement, between the trustee and his attorney, to the debtor. For the following reasons the Court is not persuaded by appellants arguments.

With respect to item 3 of the conclusions of law, the Bankruptcy Court merely accepted appellants own testimony that he spent approximately thirty-six (36) hours resolving the insurance claim. The Court did so notwithstanding the fact that appellant presented no detailed statement of hours. The Bankruptcy Court did not err in law or fact in reaching its conclusion concerning the number of hours expended.

■ In item 8 the court noted that while a contingent fee was customary in fire loss cases, it is also customary to discuss such arrangements with the client and to reduce such fee to writing. The court then noted that Mr. Hunter had provided no evidence of the alleged oral contract with himself. Even if appellant had entered into a contract with himself, a proposition which this Court finds tenuous at best, the Bankrupt-

cy Court's decision did not turn on the existence or nonexistence of a contract.[1] Rather, the court relied on its authority to allow compensation different from the reasonable terms and conditions of such contract, when "such terms and conditions prove to have been improvident in light of developments unanticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). This Court agrees with the Bankruptcy Court's conclusion that the thirty-six (36) hours expended to achieve favorable results did not warrant the granting of a contingent fee under the circumstances of this case. Moreover, the Bankruptcy Court had discretion to grant a fee different from any agreed upon terms and conditions pursuant to § 328(a).

Accordingly, the Court finds no abuse of discretion by the Bankruptcy Court.[2]

It is therefore

ORDERED that the Bankruptcy Court's Order of May 28, 1982 is affirmed.

---

**1.** The lack of evidence of the existence of a contingent contract was, however, a factor properly considered by the Court.

**2.** In his brief appellee also argued that the trustee waived his right to appeal when he paid himself $7,500.00. Appellant cites the general rule a party cannot accept the benefits of a judgment and later prosecute an appeal. *Cherokee Nation v. United States,* 174 Ct.Cl. 131, 355 F.2d 945 (1966). There is, however, an exception to this rule where, as in the present case, such fee is paid out of a fund to be distributed by the Court. *See generally,* 4 Am.Jur.2d *Appeal and Error,* § 257; 169 ALR 1049.