**In re Steven B. YABLON, Debtor.**

**Bankruptcy No. 90 B 20554.**

United States Bankruptcy Court, S.D. New York.

Jan. 24, 1992.

---

Bracken & Margolin, Islandia, N.Y., Sp. Counsel for debtor.

Blumenfeld & Fraiden, Bronx, N.Y., for Steven B. Yablon, Individually.

Siegel, Norgaard and Scher, New York City, for Steven B. Yablon, debtor in possession.

## DECISION ON APPLICATIONS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Bracken & Margolin, Esqs. ("Bracken"), special counsel to the Chapter 11 debtor, Dr. Steven B. Yablon ("Yablon"), has moved for quantum meruit payment for services rendered on behalf of the debtor in a RICO action brought by the debtor in the United States District Court for the Southern District of New York. Bracken seeks to alter the retention order that secured its post-petition employment as special counsel to the debtor so that in addition to receiving payment pursuant to the contingent fee arrangement, it will receive, as an administrative expense, an immediate cash payment for the work it performed to date. Bracken argues that factual developments not capable of being anticipated have arisen necessitating such a change in the terms and conditions of its payment. The debtor opposes this motion on the ground that 11 U.S.C. § 328(a), which allows a court to compensate a professional differently from the compensation provided for under the retention order, does not grant the court such authority in this case because the facts and circumstances were capable of anticipation at the time the retention order was signed.

## FACTUAL BACKGROUND

On June 13, 1990, the debtor, Yablon, filed with this court his petition for reorganizational relief under Chapter 11 of the Bankruptcy Code. On January 13, 1989, prior to filing his Chapter 11 petition, the debtor retained special counsel, pursuant to a contingent fee agreement, to bring an action against his accountants who had advised him to guaranty certain equipment leases. The debtor's complaint contains both securities fraud and RICO allegations. Compensation under the contingent fee agreement was to be 40% of any recovery, with a $7,500 initial retainer. On October 19, 1990, this court preserved the existing contingent fee agreement by authorizing the employment of Bracken as special counsel to the debtor in the RICO action.

The debtor became liable as guarantor on equipment leases from various lessors to Omni Monitoring Co., Inc. in an amount exceeding $650,000 and suffered out-of-pocket losses of approximately $100,000, for total liquidated damages of approximately $750,000. The lessors of those leases filed claims in the present bankruptcy for approximately $700,000.

The basis for the debtor's RICO action is that the debtor was given poor advice by his accountants and that the accountants should be liable for the losses the debtor suffered. Bracken contends that the debtor told them that the RICO action would be litigated to judgment prior to the approval of the debtor's Chapter 11 plan of reorganization, with the award to become part of the debtor's estate. However, the debtor's plan, which this court confirmed on November 7, 1991, proposes to pay approximately 15% of the debtor's lease guaranty obligations. Bracken contends that this reduces the amount owed to the lease-related claimants to $67,000. Accordingly, Bracken argues, if the debtor only owes these claimants $67,000, the accountants can only be liable for this amount as well as the approximately $100,000 out-of-pocket expenses. Bracken asserts that it had no knowledge of this provision of the debtor's plan until one week before the hearing on confirmation.

Bracken now seeks quantum meruit payment for services rendered on behalf of the debtor in the RICO action. Specifically, Bracken values its services to date in this case at $47,790, which it calculates by using "an average billing figure" of $200 per hour. As the debtor has voluntarily reduced the damages by 80%, Bracken argues that it should receive 80% of its pro forma hourly billing total to date, which equals $38,232.

The application submitted in support of Bracken's order for retention as special counsel to the debtor states that Bracken charges $175 per hour fee for Kenneth Cooperstein, of counsel to Bracken. Bracken's fee application indicates that Mr. Cooperstein is the only attorney who did work on the RICO action post-petition. He performed 75.1 hours of work post-petition, which totals $13,142.50 billing Mr. Cooperstein at $175 per hour.

## DISCUSSION

■ Under section 328(a) of the Bankruptcy Code, professional persons, except for the debtor's attorney whose compensation is governed by section 329 of the Code, may prearrange the terms and conditions of compensation for their services, including payment by contingent fee. 11 U.S.C. § 328(a). The court must approve such arrangements. *In re Kucek Development Corp.*, 113 B.R. 652, 656 (E.D.Cal.1990). Section 328(a) also provides:

> Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a). Bracken complied with section 328(a) in that it obtained a retention order authorizing its employment. The retention order preserves the contingent fee arrangement that Bracken secured prepetition such that Bracken will receive 40% of any recovery the debtor secures in the

RICO action. Bracken now seeks to alter the terms and conditions under which the court authorized its retention.

■ Bracken contends its having agreed to be compensated pursuant to a contingent fee agreement was improvident in light of the reduction in the debt owed to the lessor claimants, which was not capable of being anticipated at the time the retention order was entered by this court. The premise of Bracken's argument is that because the debtor voluntarily reduced, by virtue of its confirmed plan, the amount owed to the lessor claimants to approximately 15% of their original claims, the possible damages the debtor may recover in the RICO action have also been reduced, and therefore, its contingent fee is reduced. Accordingly, Bracken argues that because the debtor has voluntarily destroyed the RICO action by paying 15% of the lessor's claims, it is entitled to immediate quantum meruit compensation as an administrative expense in the amount of $38,232, representing 80% of its total billing to date. Bracken urges this amount because it values its services to date in this case at $47,790, and as the debtor's plan reduces the debtor's damages by 80%, Bracken seeks 80% of its total billing to date.[1]

■ To support its position, Bracken cites cases which hold that when a client mischaracterizes the amount of a claim or voluntarily discontinues an action, the client's attorney is entitled to quantum meruit compensation. *Andrewes v. Haas*, 214 N.Y. 255, 108 N.E. 423 (1915); *Clark v. Nichols*, 127 A.D. 219, 111 N.Y.S. 66 (1908). While Bracken argued at the hearing on this motion that the debtor inaccurately represented to it certain facts regarding the leases, Bracken failed to offer any evidence of such misrepresentations. Because Bracken seeks payment pursuant to different terms and conditions than those it is subject to under its retention order, it has the burden of proof under section 328(a). It has failed to satisfy that burden with regard to mischaracterizations by the debtor. Therefore, the court will disregard these allegations.

■ The debtor does not take issue with the fact that entering into a contingent fee agreement with him may have been improvident. However, the debtor does argue that debt reduction is an integral part of the bankruptcy process. The debtor asserts that reducing the amount owed to the lessor claimants was almost certain to occur and Bracken knew or should have known that at the time its retention order was signed. Moreover, the debtor did not unilaterally reduce the amount it owed to the lessor claimants. The debtor offered creditors a two-option plan of reorganization which allowed creditors to either accept a 15% "up front" pay out or take a minimal annual distribution until the RICO suit was resolved, and presumably pay them off at 100% on the dollar. The creditors chose to accept the 15% "up front" payment.

The debtor also asserts that the application Bracken submitted in support of its retention order provides for a $175 per hour fee for Kenneth Cooperstein, of counsel to Bracken. As Mr. Cooperstein did almost all of the work, computing the fee owed Bracken by using the "average billing figure" of $200 per hour is improper.

Section 328 states that the court may alter the compensation that an attorney would otherwise receive under the retention order, but specifies that the court may only do so "after the conclusion of such employment." 11 U.S.C. § 328(a). Bracken admits that it still will proceed with the RICO action, but with a reduced potential recovery. Because Bracken has not concluded its employment as special counsel to the debtor, section 328(a) does not permit the court to change the terms and conditions of a professional person's employ-

---

1. Bracken's motion for quantum meruit payment seeks payment for its total hours billed to date, which includes hours billed prepetition. Because section 328 only allows Bracken to recover compensation earned post-petition, *In re Saybrook Mfg. Co., Inc.*, 108 B.R. 366, 371 (Bankr.M.D.Ga.1989), Bracken is limited to 80% of its postpetition billing total, under its own argument. The court need not consider whether Bracken is entitled to this sum due to the disposition in the case.

ment. The statute, by its own terms, requires this result.

▋ Even if the court found that it could apply section 328(a) when a professional person's employment has not concluded, Bracken's motion for quantum meruit payment should be denied. While "the bankruptcy court has wide discretion in altering fee agreements when the circumstances warrant," *In re Ross,* 94 B.R. 210, 215 (M.D.Ga.1988), the movant must demonstrate "that the contingent fee terms proved to have been improvident by reason of subsequent developments not capable of being anticipated at the time" the retention order fixing the attorney's compensation was entered. *In re Confections By Sandra, Inc.,* 83 B.R. 729, 732–33 (9th Cir.BAP 1987). *See also In re Churchfield Management & Investment Corp.,* 98 B.R. 893, 898–900 (Bankr.N.D.Ill.1989); *Ross,* 94 B.R. at 215. The court in *C & P Auto Transport,* 94 B.R. 682 (Bankr.E.D.Cal. 1988), stated:

> The requirement of "improvidence in light of developments not capable of being anticipated at the time" makes it difficult, as a practical matter, for a court to vary the compensation even when it thinks that it was improvident at the outset. Whether developments were capable of being anticipated is fertile ground for debate in virtually every case.

*Id.* at 686 n. 5.

Courts have rarely altered the terms and conditions of a professional's employment on the grounds that the terms were improvident in light of circumstances not capable of being anticipated. *See, e.g., In re Airlift International, Inc.,* 24 B.R. 128 (Bankr.S.D.Fla.1982) (court reduced compensation because firm's work product contained errors and remained incomplete when it discontinued its services to the trustee); *Warrior Drilling & Engineering Co.,* 9 B.R. 841, 847 (Bankr.N.D.Ala.1981) (court increased compensation because "the parties did not and could not have foreseen ... the time, the pressures, or the complexity of this case or the phenomenal results achieved"). In both cases, the court found that the circumstances warranted either reducing or increasing the compensation.

Alternatively, the court in *In re Benassi,* 72 B.R. 44 (D.Minn.1987), found that circumstances similar to those in the present case did not warrant altering the terms and conditions of a firm's employment pursuant to section 328(a). In *Benassi,* the bankruptcy court authorized counsel to represent the debtor in a condemnation proceeding on a contingent fee basis. The court refused to alter the terms and conditions of employment because the terms were improvident in light of subsequent developments in the condemnation action. The court found that there was no showing that the representation was inadequate, that the case was settled at an unexpectedly early moment, that the results were disappointing, or that the amount counsel received, which was based on the amount recovered, was due to forces outside counsel's control. *Id.* at 48. In discussing whether the fact that the condemnation action was settled prior to trial was grounds for altering the compensation agreement, the court

> note[d] that the large majority of lawsuits, including condemnation actions, are settled before going to trial. This factor is not proper justification to overturn the fee arrangement where settlement is reached more than two years after attorneys are retained and litigation has progressed in several forums.

*Id.* at 49.

In the present case, the court finds no grounds on which to conclude that the terms and conditions of Bracken's retention order were improvident in light of developments not capable of being anticipated at the time the retention order was signed. Bracken's argument that the debtor voluntarily reduced the potential damages and therefore the potential fees misstates the facts. The debtor gave creditors a choice between taking an "up front" payment of 15% or proceeding with the RICO action and the creditors chose to take the money and run.

Moreover, the court cannot accept Bracken's argument that it could not have anticipated that the debtor would attempt to

reduce the amount it owed to the lessor claimants. One of the main purposes of chapter 11 is debt reduction. Bracken submitted, and the court approved on October 19, 1990, an order continuing the contingent fee agreement governing its compensation in the RICO action, which Bracken executed on January 13, 1989, one and one half years before the debtor filed its bankruptcy petition. Bracken could have structured the retention order differently from its previous agreement such that it would have been compensated pursuant to an hourly rate rather than a contingent fee. Because debt reduction is an expected consequence of a bankruptcy and because Bracken could not foresee that the bankruptcy petition would be filed, it could not be compelled to enter into a fee agreement with a new entity, the debtor in possession, on terms which it would not have entered into had it been aware that its compensation was subject to the restrictions contained in the Bankruptcy Code. Bracken failed to consider debt reduction and may not now claim that debt reduction is a development not capable of being anticipated such that the terms of the compensation agreement should be altered pursuant to section 328(a).

CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. Bracken's motion for quantum meruit compensation is denied at this time as premature and unauthorized under 11 U.S.C. § 328(a).

3. Bracken has not established that under 11 U.S.C. § 328(a) its court-authorized contingent fee agreement with the debtor was entered under conditions which now prove improvident in light of developments not capable of being anticipated at the time when such terms and conditions were accepted.

SETTLE ORDER in accordance with the foregoing.