FLETCHER, Circuit Judge:
 

 Trustee Claude Pitrat and W.J. Giles, special counsel to the trustee, appeal the district court’s affirmance of the bankruptcy court’s order authorizing compensation to Giles. Pitrat and Giles argue that the bankruptcy court erred in refusing to allow compensation in accord with a contingent fee arrangement agreed to by them and approved by the bankruptcy court at the time of the agreement. Instead, when Pi-trat petitioned for authorization to pay the fees, the bankruptcy court awarded substantially reduced compensation.
 

 Because the bankruptcy court did not apply the correct law in determining the fee, we reverse.
 

 BACKGROUND
 

 In September, 1983, Claude Pitrat, trustee for the estate of debtor Richard Reim-ers, requested the bankruptcy court’s permission to employ W.J. Giles as special counsel to prosecute a fraud claim in Iowa. The fee agreement between the trustee and
 
 *1128
 
 Giles provided that Giles would be awarded compensation of 40% of the amount he recovered for the estate. The bankruptcy court approved the employment and fee agreement in an order dated November 15, 1983.
 

 Giles succeeded in recovering $37,871.30 for the estate on the claim. In August, 1986, the trustee filed an application seeking authorization to pay Giles $15,101.10 (40% of the amount recovered). At a first hearing on the application, the court directed the trustee to file additional supporting materials. At a subsequent hearing, the court again requested additional materials, in particular records of Giles’ billable hours. Giles ultimately submitted, rather than documentation regarding his hours, copies of documents related to the litigation of the claim. On February 11, 1988, the bankruptcy court entered an order approving payment to Giles of only $6,000. The court arrived at this amount by estimating that Giles had spent 60 hours on the case, and multiplying this by his $100 hourly rate. The trustee and Giles filed a motion for reconsideration; the court refused to hold a hearing on the motion, and denied it. Pitrat and Giles appealed to the district court, which affirmed.
 

 STANDARD OF REVIEW
 

 This court “will not disturb a bankruptcy court’s award of attorney’s fees absent a finding that the court abused its discretion or erroneously applied the law.”
 
 Boldt v. Crake (In re Riverside-Linden Investment Co.),
 
 945 F.2d 320, 322 (9th Cir.1991).
 

 DISCUSSION
 

 The bankruptcy code contains specific provisions governing compensation of professionals. Section 330 provides:
 

 After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor’s attorney
 

 (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney
 

 [[Image here]]
 

 11 U.S.C. § 330.
 

 The provision at issue here, governing professionals employed by a trustee, states:
 

 The trustee ... with the court’s approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.
 

 11 U.S.C. § 328(a).
 

 Under section 328, where the bankruptcy court has previously approved the terms for compensation of a professional, when the professional ultimately applies for payment, the court cannot alter those terms unless it finds the original terms “to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.”
 
 In re Confections by Sandra, Inc.,
 
 83 B.R. 729, 731 (Bankr. 9th Cir.1987);
 
 Seiler v. First Nat’l Bank of Babbitt (In re Benassi),
 
 72 B.R. 44, 47-48 (Bankr.D.Minn.1987);
 
 see also Unsecured Creditors’ Comm. v. Puget Sound Plywood, Inc.,
 
 924 F.2d 955, 960 (9th Cir.1991) (citing
 
 Benassi;
 
 section 328 “applies where the court has validated a previous fee arrangement and later seeks to change it”).
 

 Here, in calculating a reasonable fee for Giles’ services, the bankruptcy court merely estimated the number of hours he must have worked and multiplied that number by his hourly fee. It made no finding of unanticipated developments that rendered the original terms improvident. Thus, its decision, and the district court’s affirmance, were in error.
 

 
 *1129
 
 The bankruptcy court assumed that section 330 gave it the power to make a general “reasonableness” review, despite the express language of section 328. Neither it, nor the district court, cited any authority supporting this disregard of the statutory language.
 
 Yermakov v. Fitzsimmons (In re
 
 Yermakov), 718 F.2d 1465 (9th Cir.1983), cited by the district court on the issue of contingent fee arrangements, upheld the bankruptcy court’s reduction of fees requested by attorneys employed under such an arrangement, but that case does not involve an arrangement pre-ap-proved by the bankruptcy court.
 

 On remand, the bankruptcy court should award compensation to Giles in accord with the contingent fee agreement, unless the court, based on findings supported in the record, concludes that the agreement was “improvident” in light of unforeseeable developments.
 

 REVERSED AND REMANDED.