### In re DIVIDEND DEVELOPMENT CORPORATION, a California corporation, Debtor.

**Bankruptcy No. SA 92–11812 JR.**

United States Bankruptcy Court, C.D. California.

Sept. 23, 1992.

---

Jeffrey L. Kandel, Levene & Eisenberg, Los Angeles, Cal., for debtor.

David Gould, McDermott, Will & Emery, Los Angeles, Cal., for creditors' committee.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Dividend Development Corporation ("Debtor") filed applications seeking to employ insolvency counsel and special real estate counsel (the "Applications"). Debtor's employment agreements with both counsel included the payment of substantial retainers designated as earned-on-receipt (the "Retainers"). The United States Trustee ("Trustee") objected to the characterization of the Retainers as earned-on-receipt. My order approving the Applications (the "Order") instructed both counsel to place the Retainers into separate client trust accounts.

Counsel jointly filed a motion requesting clarification or modification of the Order to reflect either treatment of the Retainers as earned-on-receipt, or to approve a drawdown of the Retainers pursuant to Trustee Guideline No. 7. After a hearing on July 23, 1992, I approved use of the Trustee Guideline No. 7 procedure and took the matter of the Retainers as earned-on-receipt under submission.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) (the

district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF FACTS

Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code (the "Code") on February 20, 1992. Debtor filed the Applications to employ Levene & Eisenberg as general insolvency counsel and Weil, Gotshal & Manges as special real estate restructure counsel (collectively, "Counsel"). The Applications indicate that Counsel received retainers of $205,286.22 and $95,000.00, respectively. The Applications further provide that the Retainers are earned-on-receipt for legal services to be rendered in connection with the case. Counsel state that they will credit any incurred fees and costs against the Retainers, and will seek additional compensation upon exhaustion of the Retainers as permitted under the Code.

Trustee objected to the Retainers' designation as earned-on-receipt because insufficient information in the Applications justified that characterization.

I approved the Applications and required that Counsel place the Retainers into segregated client trust accounts.

At the hearing on Counsel's Motion for Modification or Clarification of the Order, Counsel sought to characterize the Retainers as earned-on-receipt. Counsel argued that their promises to perform certain services for Debtor and to represent Debtor through the end of the case, notwithstanding any inability on Debtor's part to pay Counsel's fees, constituted sufficient consideration to justify the treatment of the Retainers as earned-on-receipt. Counsel further argued that this characterization results in the Retainers immediately becoming Counsel's funds, without ever becoming part of the bankruptcy estate under § 541.[1] I modified the Order to allow Counsel to draw-down on the Retainers pursuant to Trustee Guideline No. 7.[2]

## DISCUSSION

At issue here is whether the Code allows Counsel to receive earned-on-receipt retainers for services to be rendered to Debtor, and, if so, what standards govern these retainers. Counsel argue that the Code allows earned-on-receipt retainers if such treatment is permissible under state law, and that earned-on-receipt retainers are allowed under California law. Additionally, Counsel argue that a prohibition against earned-on-receipt retainers unfairly discriminates against debtor's counsel, contrary to Congressional intent.

Counsel present the following rationale to establish that the Code permits earned-on-receipt retainers: (1) the Code allows earned-on-receipt retainers if such arrange-

---

1. Section 541(a)(1) provides in part that the "estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case."

2. Trustee Guideline No. 7 states in pertinent part:

   10. Professionals who have, prior to the filing of the Petition, received advances against future fees must segregate the amount of any such advances against fees which have not yet been earned as of the filing of the Petition. The U.S. Trustee will not object to a procedure allowing draws upon the segregated account upon the filing with the Bankruptcy Court and service of monthly "face-sheet"

fee applications pursuant to this Guideline and Guideline No. 18. Such monthly applications shall contain all of the information described in Paragraphs 2 through 5, inclusive, above. Notice of such applications shall be served upon the United States Trustee, those parties who have requested special notice and the Official Committee of Unsecured Creditors. If no Official Committee of Unsecured Creditors has been appointed, the notice shall be served upon the United States Trustee, those parties who have requested special notice, and the 20 largest unsecured creditors. The notice shall explicitly state that the fees and costs will be withdrawn from the trust

ments are permissible under state law; (2) the bankruptcy estate's interest in earned-on-receipt retainers is determined by state law; and (3) the Code's procedural mechanisms that protect the estate from unreasonably large pre-petition professional fees implicitly contemplate the allowance of earned-on-receipt retainers.

■ Counsel assert that California Code of Civil Procedure § 1021[3] makes earned-on-receipt retainers permissible under California law, and that the only limitation on a compensation agreement is that it not be illegal or unconscionable.[4]

Counsel rely solely on *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), to support their assertion that state law determines the bankruptcy estate's interest in an earned-on-receipt retainer. *Butner* sought to determine whether a bankruptcy trustee or a mortgagee was entitled to collect rents during the bankruptcy. *Id.* at 50, 99 S.Ct. at 915. The Third and Seventh Circuits had adopted a federal rule of equity that granted a mortgagee a secured interest in rents even if state law would not recognize such an interest. *Id.* at 53, 99 S.Ct. at 917. In reversing the Third and Seventh Circuits, the Court reasoned that,

> [t]he constitutional authority of Congress to establish "uniform Laws on the subject of Bankruptcies throughout the United States" would clearly encompass a federal statute defining the mortgagee's interest in the rents and profits earned by property in a bankrupt estate. But Congress has not chosen to exercise its power to fashion any such rule.

*Id.* at 54, 99 S.Ct. at 917 (footnote omitted).

The Court noted that while Congress has "generally left the determination of property rights in the assets of a bankrupt's estate to state law", Congress has also included provisions to invalidate certain interests. *Id.* I agree with Counsel that, absent a contrary provision in the Code, state law governs their right to receive the Retainers as earned-on-receipt.

Counsel then argue that because the employment agreements with Debtor expressly provide that the Retainers are earned-on-receipt, the Retainers passed to Counsel pre-petition, and Counsel have absolute ownership of the Retainers.

While I agree with Counsel that earned-on-receipt retainers are permissible under California law, state law alone does not determine whether Debtor's estate retains an interest in the Retainers. In fact, § 328(a)[5] specifically mandates that the bankruptcy judge review the reasonableness of any fee arrangement between a debtor and its counsel as a condition of counsel's employment under § 327. Section 328 makes the reasonableness of a claimed earned-on-receipt retainer a question of federal law, rather than state law. Accordingly, under federal bankruptcy law, this court must determine the reasonableness of the Retainers and Counsel's right to retain them.

■ Counsel next argue that the procedural safeguards of the Code mandate that any review of the reasonableness of the Retainers be delayed until after services have been rendered to Debtor. Counsel

account in the amount requested without further notice or hearing, unless an objection and request for hearing is filed with the Clerk of the Court and served upon the applicant(s) within 10 days after service of the notice. If no objection is timely filed and served, the professional may withdraw the requested compensation without further notice, hearing or order.

**3.** California Code of Civil Procedure § 1021 provides:
> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and coun-

selors at law is left to the agreement, express or implied, of the parties....

**4.** Cal.Rules of Prof.Conduct, rule 4–200.

**5.** Section 328 states:
> (a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee

reason that: (1) § 329(a) [6] only requires disclosure of the amount of any pre-petition retainer; (2) § 329(b) [7] requires disgorgement only if the fee is unreasonable; and (3) a § 328(a) review as to the reasonableness of Counsel's services cannot be made until after the services have been rendered.[8]

*I disagree.* Section 328 conditions the employment of counsel under § 327 upon court approval of the reasonableness of that employment. Therefore, a determination as to the reasonableness of a prepetition agreement at the outset of the case is a necessary condition to employment under § 327. Further, the authorization in § 328(a) to modify fees "after conclusion of employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions", clearly anticipates that the court will make a determination as to the reasonableness of a fee arrangement at the beginning of a case.

Thus, two issues remain: (1) whether the Retainers can be properly characterized as earned-on-receipt; and (2) if so, whether the Retainers are reasonable.

The court in *In re C & P Auto Transport, Inc.*, 94 B.R. 682 (Bankr. E.D.Cal.1988), described an earned-on-receipt retainer as follows:

Strictly speaking:

A retaining fee is a preliminary fee given to an attorney or counsel to insure and secure his future services, an induce him to act for the client. It is intended to remunerate counsel for being deprived, by being retained by one party, of the opportunity of rendering services to the other and of receiving pay from him; and the payment of such fee, in the absence of an express understanding to the contrary, is neither made nor received in payment of the services contemplated. Its payment has no relation to the obligation of the client to pay his attorney for the services which he has retained him to perform.

*Id.* at 687 (citations omitted).

Traditionally, an earned-on-receipt retainer was given in exchange for counsel's commitment to represent a client. It was not to secure payment of fees for counsel's services.[9] Here, the Retainers are for le-

---

basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

**6.** Section 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

**7.** Section 329 provides:

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the

return of any such payment, to the extent excessive, to—

(1) the estate if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

**8.** *See In re Reimers*, 972 F.2d 1127, 1128 (9th Cir.1992) (stating that when the bankruptcy court has approved the terms of a professional's compensation, the court should award compensation consistent with those approved terms, unless the court subsequently finds that such approval was "improvident" in light of unforeseeable developments).

**9.** *See In re Montgomery Drilling Co.*, 121 B.R. 32, 38 (Bankr.E.D.Cal.1990) (a retainer agreement is a security retainer where debtor reasonably expected that the applicant would perform and render future services in the case); *C & P Auto Transport*, 94 B.R. at 692 (retainer paid in consideration of future services is an "advance deposit on account of anticipated fees for future

gal services to be rendered in connection with the case. Counsel have stated that they will credit any incurred fees and costs against the Retainers, and will seek additional compensation as permitted under the Code upon exhaustion of the Retainers. Thus, because the primary function of the Retainers is to secure payment for services to be rendered, the Retainers are not properly characterized as earned-on-receipt.

■ Further, even if the Retainers were truly earned-on-receipt, Counsel have failed to establish that the Retainers, treated as earned-on-receipt, are reasonable. "The burden to establish that the proposed terms and conditions of professional employment in a bankruptcy case are reasonable is on the moving party." *In re NBI, Inc.*, 129 B.R. 212, 219 (Bankr.D.Colo.1991).

In *NBI, Inc.*, counsel sought to have retainers of $200,000.00 and $463,447.25 treated as earned-on-receipt. *Id.* at 216. The court, while viewing the retainers as earned-on-receipt, nonetheless found that they were excessive. *Id.* at 220. The court found that, "[i]nclusion of the term 'retainer' in Section 328(a) of the Bankruptcy Code does not by definition qualify all retainer arrangements as reasonable. The Court, in its discretion, must make this determination." *Id.* at 222 (citations omitted).

The court relied on the policy and practice of the bankruptcy courts in the district "to require retainers applicable to fees and costs for post-petition representation to be held in a trust account, and drawn against only pursuant to appropriate court order." *Id.* at 220 (citation omitted).

Judge Cordova concluded that "[a]n 'earned retainer', whatever its amount, is inherently unreasonable in the context of Section 328(a). The concept of an 'earned retainer' is simply an anomaly in a Chapter 11 case." *Id.* at 222. The court reasoned

that earned-on-receipt retainers: (1) "impermissibly circumvent the explicit and implicit requirements of the Bankruptcy Code and Rules ... [that compensation to professionals shall be] only for *actual and necessary* legal services ... *after* such services have been provided"; (2) "effectively nullify the protections afforded the estate and its creditors by the Code and Rules"; and (3) "usurp the Court's authority under the Code and the Rules." *Id.* at 222–23. "[Earned-on-receipt retainers] purport to substitute the discretion of counsel and debtor for that of the Court. The administrative convenience urged by counsel as justification for allowing 'earned retainers' without prior fee applications does not absolve the Court of its statutory obligations." *Id.* at 223 (citations omitted).

Additionally, the court noted that the consideration [10] counsel gave in exchange for the retainer "appears to be no more than ethically and legally required of any attorney who agrees to represent a client in litigation, particularly a debtor in bankruptcy." *Id.* at 224.

■ While I do not agree with Judge Cordova's conclusion that earned-on-receipt retainers are *per se* impermissible under § 328(a), I do agree that the burden is upon counsel to establish that the treatment of a requested retainer as earned-on-receipt is reasonable.

Since an earned-on-receipt retainer is primarily to compensate for counsel's agreement to represent a client, Counsel would have to establish the reasonable value of their commitment to provide legal services to Debtor. Traditionally, the value of an attorney's commitment to take a client's case is set by the marketplace. If the retainer is unreasonable, the client goes elsewhere. In a reorganization proceeding, however, the debtor is usually in a desperate condition and the normal protections of

---

services" and should be deposited in a separate trust account); *In re Hathaway Ranch Partnership*, 116 B.R. 208, 216 (Bankr.C.D.Cal.1990) (a retainer that compensates counsel not only for agreeing to represent debtor but also for providing the first $50,000 of services was not a true earned-on-receipt retainer).

**10.** The debtor's counsel had represented that "the firm is irrevocably committed to continue its representation of [debtor] even is [sic] such additional sums are unavailable on an interim basis." *NBI, Inc.,* 129 B.R. at 216.

the marketplace do not govern. Accordingly, the bankruptcy court must determine the reasonableness of the requested earned-on-receipt retainer.

In order to establish the reasonableness of an earned-on-receipt retainer, a debtor must quantify the value to the estate of having the selected attorney represent the estate to the exclusion of other attorneys who might otherwise represent the estate without an earned-on-receipt retainer. While not exhaustive, some factors that might support the reasonableness of the earned-on-receipt retainer include: (1) whether counsel has particular expertise in the debtor's industry; (2) whether counsel had to forbear other employment to take the debtor's case; and (3) whether the debtor's case will place extraordinary demands upon counsel.

Here, Counsel has failed to quantify the value of their commitment to represent the estate. Counsel's promise to perform services and to represent Debtor through the end of the case are insufficient to establish the reasonableness of the Retainers as earned-on-receipt.

In summary, the Bankruptcy Code does not preclude a debtor's counsel from receiving an earned-on-receipt retainer if such an arrangement is permissible under state law. However, an earned-on-receipt retainer otherwise allowable under state law is subject to the bankruptcy court's review for reasonableness. To justify the reasonableness of an earned-on-receipt retainer, an attorney must quantify the value to the estate of having that particular counsel represent the estate.

Since the Retainers do not qualify as earned-on-receipt, the Retainers are approved as advances against fees and should be placed in a trust account to be drawn against in compliance with Trustee Guideline No. 7. Even if the Retainers were properly characterized under state law as earned-on-receipt, treatment of the Retainers as earned-on-receipt under federal law is unreasonable.

Separate findings of fact and conclusions of law with respect to this ruling are un- necessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

## ORDER FOR CONTINUED COMPLIANCE WITH UNITED STATES TRUSTEE GUIDELINE NO. 7

In accordance with the findings of fact and conclusions of law set forth in my memorandum opinion of this date, it is

ORDERED that the retainers should remain in a trust account to be drawn against in compliance with Trustee Guideline No. 7.