## In re OLYMPIA HOLDING CORPORATION, a/k/a P.I.E. Nationwide, Inc., et al., Debtors.

### Bankruptcy Nos. 90–4195–BKC–3P7, 90–4223–BKC–3P7.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 16, 1994.

Michael E. Demont, Jacksonville, FL, for applicant Gregory A. Anderson, P.A.

Gardner F. Davis, Jacksonville, FL, for trustee.

James H. Post, Jacksonville, FL.

Lloyd T. Whitaker, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Gregory A. Anderson, P.A.'s ("Anderson") Amended and Restated First Application for Allowance of Compensation for Professional Services Rendered and Reimbursement of Costs and Expenses Incurred as Counsel for the Chapter 7 Trustee. Upon the evidence presented at the hearing held September 22, 1994, the Court enters these findings of fact and conclusions of law:

#### Findings of Fact

Anderson and Lloyd T. Whitaker, as Chapter 7 Trustee ("trustee") entered into a contract dated January 5, 1993, for the provision of legal services. Pursuant to the contract,

Anderson agreed to perform legal services in the analysis, preparation for litigation, negotiation, and/or prosecution of certain claims against certain professionals and others potentially liable to the debtor. The contract provides that compensation to Anderson, P.A., is primarily contingent upon the amount of the actual recovery made on any specific claim pursued. The exact percentage is to be determined based upon the stage of litigation of the specific claim and partially based on the amount recovered. Specifically, the contract provides that the law firm shall receive as compensation as to any specific claim: 23 percent of the actual gross recovery if the claim is resolved prior to filing a lawsuit; 27 percent if the claim is resolved after the filing of a lawsuit; and 33⅓ percent if the claim is resolved after commencement of trial on the lawsuit. In addition, the contract provides:

(i) When aggregate actual gross recoveries from the Claims (the "Aggregate Recoveries") total $275,000, Anderson shall receive seven and one-half (7.5%) of the Aggregate Recoveries between $275,001 and $475,000. . . .

(ii) Anderson shall receive ten percent (10%) of the Aggregate Recoveries exceeding $475,000. . . .

.    .    .    .    .

(d) For any Claim against an attorney for a law firm ... the Trustee agrees Anderson shall receive a non-refundable fee equal to one-half of Anderson's normal hourly billing rate of $130 per hour (i.e., Anderson shall receive $65 per hour) for services rendered after approval of this agreement by the U.S. Bankruptcy Court, Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") up to a maximum of $5,000 for each such Claim; *provided, however*, all amounts paid pursuant to this paragraph (d) shall be credited against amounts which may become due to Anderson as compensation for actual gross recover(ies) on any Claims set forth in exhibit A–1.

Pursuant to 11 U.S.C. §§ 327 and 328 the trustee moved for authority to retain Anderson and for approval of the contract.

By order entered June 10, 1993, the Court approved the contract. The June 10, 1993, order states in part:

The contract for legal services is approved, subject to the requirement of Bankruptcy Code § 328(a) that notwithstanding such terms and conditions, the Court may allow compensation different from the compensation provided under such agreement at the conclusion of such employment, if such terms and conditions prove to have been improvident in light of the developments not capable of being ascertained at the time of the fixing of such terms and conditions.

Pursuant to the contract for services, Anderson filed suit against Kerr, Russell and Weber in October, 1992. A settlement was reached in January, 1994. The settlement provided, among other things, that the trustee and the estate would receive $5,000,000.00. The Trustee filed his initial motion for approval of the settlement agreement with Kerr, Russell on April 5, 1994, and amended it on August 24, 1994.

On April 7, 1994, Anderson, P.A., filed its initial application for compensation and reimbursement of expenses incurred as counsel for the trustee in pursuing the action against Kerr, Russell. On September 1, 1994, Anderson, P.A., filed an amended application for compensation seeking $1,812,499.90 for settling the lawsuit for $5,000,000.00 prior to the trial. Pursuant to the contract this figure includes a $5,000.00 credit. The amended application also seeks reimbursement of expenses in the amount of $39,695.01 of which $37,248.90 is attributable to retention of an expert witness.

### Conclusions of Law

▮ Pursuant to 11 U.S.C. § 330 the bankruptcy court is charged with the responsibility of determining the reasonableness of fee awards for professionals even if no objection is raised. *In re Holub*, 129 B.R. 293 (Bankr.M.D.Fla.1991); *In re Liberal Market, Inc.*, 24 B.R. 653 (Bankr.S.D.Ohio 1982). A fee award will be reversed only if the bankruptcy court fails to apply the proper legal standard and procedure, or the award was

based on clearly erroneous findings of fact. *In re Benassi,* 72 B.R. 44 (Minn.1987) (relying on *In re McCombs,* 33 B.R. 387 (E.D.Mo. 1983) *aff'd* 751 F.2d 286 (8th Cir.1984) and *Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green,* 778 F.2d 890 (1st Cir. 1985)).

■ In this case, the Court approved the appointment of special counsel and a modified contingency fee agreement pursuant to 11 U.S.C. §§ 327 and 328. Thus the question before the court is the proper procedure and legal standard to apply when considering an application for fees pursuant to an agreement previously approved under § 328. More specifically the issue in this case is whether approval of the fee agreement, pursuant to § 328(a), prevents the Court from making a reasonableness determination under § 330(a).

Section 330(a) states in relevant part:

After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the Court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person or attorney ...

Section 328(a) states in relevant part:

The trustee ... with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

■ In contrast to pre-code law, § 328 allows the court to pre-approve various types of employment arrangements including contingency agreements. 11 U.S.C. § 328(a); *In re Benassi,* 72 B.R. 44 (discussing change in pre-code law with enactment of § 328). This approval is subject to provision which allows the Court to award fees which vary from the terms of a previously approved contract, when unpredictable facts or circumstances occur after approval of the agreement upon a finding that the original approval of the agreement terms was improvident. *In re Reimers,* 972 F.2d 1127 (9th Cir.1992); *In re Confections by Sandra, Inc.,* 83 B.R. 729 (9th Cir. BAP 1987); *In re Benassi,* 72 B.R. 44. In addition to making a determination that the approval was improvident, when the Court has approved an hourly rate but the number of hours is not known, the Court may still evaluate the reasonableness of the number of hours expended pursuant to § 330. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.,* 924 F.2d 955 (9th Cir.1991); *In re Confections by Sandra, Inc.,* 83 B.R. 729.

■ The reasonableness standard contained in § 330 generally applies when the Court approves the appointment of a professional but does not specifically approve the terms of employment. *In re Sergio,* 39 B.R. 522 (Bankr.Hawaii 1984). Section 330 is, by its own terms "subject to" § 328. 11 U.S.C. § 330(a). Thus, § 328 must apply when the court approves a fee arrangement prior to services being rendered. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.,* 924 F.2d 955; *In re Benassi,* 72 B.R. 44.

The trustee, Mr. Anderson, and Mr. Levin, an attorney who specializes in the defense of legal malpractice actions, testified that because of the difficulty of prosecuting and defending this type of case, the complexities of the issues involved and the financial risks associated with protracted litigation and adverse publicity, settlement prior to trial is always a possibility. In addition, the contract provides for compensation on a sliding scale based upon when a claim is settled. Thus the terms of the contract evidence the recognition that settlement prior to trial was a possibility.

**966**

This Court specifically approved the employment agreement and its compensation scheme. There is no evidence that unexpected or unforeseen circumstances have occurred which cause the approval of the employment agreement to be improvident. Consequently, the Court cannot conduct a § 330 reasonableness review of the fees requested pursuant to the contract and will grant the application for fees as calculated pursuant to the employment contract terms.

■ The Court has reviewed the application for expenses incurred as a result of hiring an expert witness and those expenses which have not been claimed because they are overhead type expenses. Testimony at the hearing to approve the employment agreement indicated that Anderson would employ at least two experts in prosecuting this claim. Thus these expenses were anticipated and will be allowed in full.

The Court will enter a separate order approving fees in the amount of $1,812,499.95 and expenses in the amount of $39,695.01.