**In re OLYMPIC MARINE SERVICES, INC.**

**Bankruptcy No. 93–24812–T.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Jan. 18, 1995.

Michael P. Cotter, Vandeventer, Black, Meredith & Martin, L.P., Norfolk, VA, for debtor.

Robert Vincent Roussos, Norfolk, VA, for objecting party.

Robert B. Van Arsdale, Office of United States Trustee, Norfolk, VA.

Tom C. Smith, Chapter 7 Trustee in Bankruptcy, Virginia Beach, VA.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The law firm of Vandeventer, Black, Meredith & Martin, L.L.P., filed an application for compensation for services the firm rendered as special counsel to the trustee in bankrupt-

cy. The amount requested is $103,785.54 for compensation plus expenses of $1,470.91.

An objection to the application was filed by a principal of the debtor. Hearing on the application and objection was held December 15, 1994, at which the court heard evidence and argument.

For reasons stated in this opinion, the court will approve an award of compensation in the amount of $85,355.11 plus the law firm's expenses incurred postpetition.

*Facts*

Prior to filing bankruptcy, debtor operated a ship repair business in which it had made repairs under a government contract to the vessel, Cape Anne. For this work debtor had a claim against the United States Department of Transportation, Maritime Administration, in the approximate amount of $750,000.00; the amount of the claim was disputed by the government.

In order to resolve this dispute, debtor engaged the law firm of Vandeventer, Black, Meredith & Martin, L.L.P. (Vandeventer, Black) to pursue the claim. This law firm performed legal services with respect to debtor's claim beginning in July 1992. Initially, the firm charged debtor on an hourly basis. However, after debtor encountered financial problems during the summer of 1993 and at a time when there were unpaid legal fees outstanding to Vandeventer, Black, the debtor and the law firm entered into a contingency fee agreement for the firm's legal fees. The law firm requested a contingency fee agreement because of the uncertainty of payment of its fees due to debtor's financial problems. This uncertainty included the fact that if debtor filed bankruptcy, there were prepetition fees which probably would not be paid.

The letter fee agreement, dated September 15, 1993, provided in part that if the Cape Anne claim was settled prior to the filing of a law suit against the Maritime Administration, debtor would pay Vandeventer, Black a fee of 20 percent of the gross amount recovered. The agreement also provided for other higher contingent fees up to 30 percent which would be incurred depending on other circumstances.

Debtor filed a chapter 7 bankruptcy petition on September 22, 1993. Subsequently, debtor's bankruptcy trustee, Tom C. Smith, agreed to hire Vandeventer, Black as special counsel to pursue the Cape Anne claim on behalf of the bankruptcy estate. The trustee agreed, subject to bankruptcy court approval, to the terms of the earlier prepetition contingent fee arrangement between debtor and the law firm.

On December 14, 1993, the trustee filed an application with this court requesting appointment of Vandeventer, Black as special counsel on the contingent fee terms recited above. Anastasios Emmanuelidis, a principal of the debtor who had signed the original letter fee agreement, objected to the application. Hearing on the application and objection was held on February 10, 1994. The objection to the appointment of Vandeventer, Black was directed toward the contingent fee arrangement. This court overruled the objection and on February 17, 1994, entered an order approving the trustee's employment of Vandeventer, Black as special counsel to pursue the claim based upon the contingent fee agreement. However, in light of the objection to the contingent fee, the court's order also provided as a condition that any application for compensation by Vandeventer, Black would be "subject to further review of this court...." Order entered February 18, 1994, Docket Item 27.

After its appointment as special counsel, Vandeventer, Black pursued the Cape Anne claim for the trustee and ultimately reached agreement with the Maritime Administration to settle the claim by a payment to debtor's bankruptcy estate in the amount of $518,-927.71. This court approved the compromise settlement of the claim by order entered September 12, 1994.

On October 26, 1994, Vandeventer, Black filed its application for compensation in the amount of $103,785.54, a sum representing 20 percent of the settlement pursuant to the terms of the retention order of February 17, 1994, and the prior letter agreement. The application also contained a schedule of the law firm's total billable hours and time

charges for services on the Cape Anne claim. This schedule reveals the following breakdown of fee charges, calculated *on an hourly basis:*

Total unpaid hourly charges (plus costs) on claim $35,190.66

Total unpaid hourly charges to 9–22–93, date of debtor's petition in bankruptcy $18,430.43

Total hourly charges after the bankruptcy petition filed $15,663.00

A written objection to the attorneys' fee application was filed by Anastasios Emmanuelidis.

An evidentiary hearing on the application and objection was held on December 15, 1994. The evidence presented at hearing established that Vandeventer, Black in pursuing the claim rendered valuable legal services which significantly benefitted the bankruptcy estate and that pursuit of the claim had involved some degree of financial risk to the firm.

*Discussion And Conclusion*

 In most bankruptcy cases, the fees of attorneys are calculated on a basis of time and hourly charges. In this regard, the United States Court of Appeals for the Fourth Circuit has held that attorney's fees are to be evaluated by the lodestar method, applying various factors in determining the reasonable rate and the reasonable number of hours. *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir.1990). After application of these factors, the product of reasonable hours and a reasonable rate constitutes the lodestar figure. *See In re Great Sweats, Inc.*, 113 B.R. 240, 241–42 (Bankr.E.D.Va. 1990).[1]

The compensation issue here is out of the ordinary since the attorneys seek payment for a contingent fee basis rather than the usual hourly fee. The law firm represented the debtor prepetition and the trustee postpetition in pursuing a claim of the debtor against the Maritime Administration in the original amount of approximately $750,000.00. The firm reached a settlement of the claim with a recovery for the trustee in the amount of $518,927.71 and asks the court to approve a 20 percent contingent fee in the amount of $103,785.54. The firm's fee request is consistent with the contingent fee agreement made with debtor prepetition and which this court conditionally approved in the retention order.

Vandeventer, Black also maintained time records for its services and included with its application a detailed schedule of time charges on the Cape Anne claim. The firm's records reveal that the complete hourly billing charges for its work on the claim (both pre and postpetition) was $35,190.66 and that the hourly billing charges after the date of the bankruptcy petition were $15,663.00.

One party, a principal of the debtor, objected to the contingent fee both at the time of the appointment of the firm as attorney for the trustee and upon the fee application. At hearing on the fee request, the principal's attorney argued that a maximum fee in the range of $60,000.00 was reasonable under all the circumstances. Both the United States Trustee and the debtor's chapter 7 trustee recommended payment of the full contingent fee claimed.

 In support of its contingent fee application, Vandeventer, Black relies in part

---

**1.** The Fourth Circuit enumerated 12 factors to be considered in evaluating the reasonableness of attorneys' fees which include:
 1) the time and labor expended;
 2) the novelty and difficulty of the question raised;
 3) the skill required to properly perform the legal services rendered;
 4) the attorney's opportunity costs in pressing the instant litigation;
 5) the customary fee for like work;
 6) the attorney's expectations at the outset of the litigation;
 7) the time limitations imposed by the client or circumstances;
 8) the amount in controversy and the results obtained;
 9) the experience, reputation and ability of the attorney;
 10) the undesirability of the case within the legal community in which the suit arose;
 11) the nature and length of the professional relationship between attorney and client; and
 12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978).

upon § 328(a) of the Bankruptcy Code, which authorizes the bankruptcy court to approve a contingent fee agreement in a professional's retention order and provides that the court may not later reduce the resulting fee unless the terms of the court's approval "prove to have been improvident in light of developments not capable of being anticipated" when approved. 11 U.S.C. § 328(a). Cases which have considered this aspect of § 328(a) have not allowed bankruptcy courts to later reduce previously approved contingency fees based upon the usual tests for reasonable compensation. *See Pitrat v. Reimers (In re Reimers),* 972 F.2d 1127, 1128–29 (9th Cir. 1992); 2 Lawrence P. King, *Collier On Bankruptcy,* ¶ 328.02[2], at 328–9 n. 9b (15th ed. 1992).

 Notwithstanding the case authority under § 328(a), since the retention order of February 18, 1994, provided that Vandeventer, Black's compensation award would be subject to the court's "further review", I do not consider the "improvident" language of the statute strictly applicable.[2]

 Nevertheless, the conditionally approved contingent fee agreement is entitled to substantial weight and should be allowed if justified by all the circumstances.

The evidence reveals that Vandeventer, Black originally represented the debtor in pursuing the claim on an hourly charge basis. The law firm requested the change to a contingent fee at a time when it must have been apparent that the debtor would file a bankruptcy petition. A contingent fee would more reasonably assure the law firm of full payment of its charges, including these fees which were unpaid at the time debtor filed bankruptcy. Additionally, the court understands that law firms often pursue this type of claim on a contingent fee basis.

There is no question that the law firm performed important services of substantial benefit to the bankruptcy estate. Also, the firm was at somewhat of a financial risk in pursuing the claim on a contingency basis although the evidence does not support the firm's argument that it was at substantial risk to recover little or nothing.[3]

Upon consideration of all the circumstances, including the 12 factors prescribed by the Fourth Circuit in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978), I conclude that the contingent fee agreement here was reasonable and that with one adjustment the resulting fee may be allowed. Since the fee agreement was requested by the law firm just prior to bankruptcy in part to assure its payment of prepetition charges, I find it appropriate to reduce the contingent fee by this prepetition amount ($18,430.43). Accordingly, a fee in the amount of $85,355.11 will be approved as an administrative expense of the bankruptcy estate.

 The law firm also requests reimbursement of out of pocket expenses in the amount of $1,470.91. However, the application does not reflect the dates expenses were incurred. Upon the firm's verification the court will approve payment of the firm's expenses incurred postpetition.

Vandeventer, Black is requested to submit an order in conformity with this opinion.

2. I have rarely approved contingent fee compensation for attorneys at the time of retention and then only after requiring notice to creditors. Although § 330 of the Code requires notice to creditors before the court makes a fee award, no notice is required for the court's appointment of professionals under § 327. Thus, § 327 (with § 328(a)) effectively allows the court to approve a contingent fee agreement without notice. My requirement of notice at the time of the appointment bridges this gap in the statutory scheme. Depending upon circumstances, even after notice

I may conditionally approve the contingency fee as was done here.

3. At hearing, Vandeventer, Black's lead counsel on the claim stated in substance that there was substantial doubt as to the eventual recovery. However, the debtor's bankruptcy petition schedules listed the claim as having a value of $750,-000.00, and debtor's principal testified that a substantial recovery on the claim had been virtually assured. The ultimate recovery was approximately 69 percent of the original claim.