**In re Lenworth WESTBROOKS, Debtor.**

**Bankruptcy No. 91–42890–JSS–13.**

United States Bankruptcy Court,
N.D. Alabama.

Oct. 8, 1996.

Lawrence T. King and Max C. Pope, Jr., Birmingham, AL, for debtor.

Mavis Willingham, Standing Chapter 13 Trustee, Anniston, AL.

### ORDER ON APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

JAMES S. SLEDGE, Bankruptcy Judge.

After notice by mail to creditors and other parties in interest on June 25, 1996, in the above-styled case, there came before the Court an application by Lawrence T. King, Esquire, and Max C. Pope, Jr., Esquire (referred to hereinafter as "the applicants"), counsel for the debtor, filed June 21, 1996, for the Court to award applicants fees and expenses. The Bankruptcy Administrator filed a statement of review on August 28, 1996, wherein he recommended that the Court approve compensation and reimbursement in the amounts requested in the application.

The applicants filed an application to be approved as special attorneys for the debtor on June 2, 1995. The application set out specific terms of employment to be used by the applicants in their representation of the debtor. Specifically the application provided: "Lawrence T. King will receive thirty percent (30%) and Max C. Pope, Jr. will receive twenty percent (20%), totaling fifty percent (50%), of any and all funds collected on account of the claims or causes of action set out above plus reasonable and necessary expenses."

The Court approved the application to be employed as professional persons on June 9, 1995. In the order approving the application the Court stated: "Pursuant to 11 U.S.C. Section 327(a) and 328(a), the debtor's employment of Lawrence T. King, Esquire . . . . , and Max C. Pope, Jr., Esquire . . . , to serve as special attorneys for the debtor, is approved, for the services stated in the application."

The applicants filed an amended application for compensation on September 3, 1996, along with a brief in support of the amended application. A hearing on the application was held by the Court on September 3, 1996, at Anniston, Alabama. The Bankruptcy Administrator, the applicants, and the standing trustee appeared before the Court.

The applicants requested compensation in the amount of $3,500.00 for Lawrence T. King and $2,333.33 for Max C. Pope, Jr. for attorney services rendered to the debtor from January 20, 1994, through September 3, 1996. These fee amounts were calculated based upon the recovery to the estate and the percentages set out in the fee application. The applicants recovered $11,666.66 for the estate. The applicants further requested reimbursement of expenses incurred or paid in connection with the rendering of said professional services in the sum of $291.52.

The applicants submitted to the Court a detailed statement of the time they spent performing services to the debtors in the adversary proceeding. The application also included all the necessary elements of Rule 2016. The application states that it has no agreement or understanding for the sharing with any other person or entity of compensation or reimbursement received in this case.

■ 11 U.S.C. § 328 allows the court to pre-approve various types of employment arrangements, including contingency agreements. In fact, contingent fees are now explicitly sanctioned by 11 U.S.C. § 328(a). *In re Benassi,* 72 B.R. 44 (D.Minn.1987). Percentage fee arrangements comport with the Bankruptcy Code's goal of attracting highly qualified professionals to the bankruptcy forum. Attorneys accept the risk in entering such arrangements that their efforts will not be rewarded. Contingent fees enable debt-

ors, with their limited means, to avoid legal fees altogether. *Id.*

Section 328(a) provides:

The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

■ If the Court has pre-approved the fee arrangement, pursuant to § 328, as it did here, and the attorney seeks to be compensated from estate funds, he still must make a fee application as provided in § 330(a) of the Code and through the procedure established by Bankruptcy Rule 2016. That procedure requires a detailed statement of services rendered, time expended, and expenses incurred justifying the amount requested. Bankr.R. 2016(a). The attorney must also submit a statement outlining the source of any payments "made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case" and any fee sharing arrangements. *Id.* The statement must also outline any fee sharing agreement and be updated if the attorney receives any payment not previously disclosed. Bankr.R. 2016(b); *In re Land,* 116 B.R. 798 (D.Colo.1990).

Section 330(a)(1) provides:

After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attor-

ney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

■ Section 330, by its own terms, is "subject to" § 328. Thus, § 328 must apply when the court approves a fee arrangement prior to services being rendered. *In re Olympia Holding Corp.,* 176 B.R. 962 (Bankr.M.D.Fla.1994). Section 328 and 330 also work in tandem. In cases where the court has pre-approved the terms of employment, upon request for compensation, § 330(a) provides the framework for review while § 328 provides the standard of review. *In re Circle K Corp.,* 191 B.R. 426 (Bankr. D.Ariz.1996).

■ The standard of review in § 328 cases is that of improvidence "in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). It is not the reasonableness standard as provided in § 330. Section 330(a)'s reasonableness standard does not supplant § 328(a) and give the judge free reign to void a previously authorized employment agreement for a percentage fee. *In re Benassi,* 72 B.R. 44 (D.Minn. 1987). The reasonableness standard applies when the court approves the appointment of a professional, but does not approve the terms of employment. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.,* 924 F.2d 955 (9th Cir.1991).

■ If the bankruptcy court pre-approves the terms of the appointment, it does not have the power to make a "reasonableness" review. *Pitrat v. Reimers (In re Reimers),* 972 F.2d 1127 (9th Cir.1992); *In re Confections by Sandra, Inc.,* 83 B.R. 729, 731 (Bankr. 9th Cir.1987); *In re Circle K Corp.,* 165 B.R. 653 (Bankr.D.Ariz.1994). Instead of the reasonableness standard, in § 328 pre-approval cases, the standard of review to be used in the § 330 hearing is one of improvidence. The court is *required* to allow the agreed upon fees, pursuant to Section 330, unless the agreed upon terms and conditions are improvident. *In re McDonald Bros. Const., Inc.,* 114 B.R. 989 (Bankr.N.D.Ill.

1990); *U.S. v. Ruff,* 179 B.R. 967 (M.D.Fla. 1995). In fact, where the bankruptcy court previously approved compensation terms, it *cannot* subsequently alter those terms unless the original terms were improvident in light of unanticipated developments. *In re Circle K Corp.,* 191 B.R. 426 (Bankr.D.Ariz.1996); *In re Olympic Marine Services, Inc.,* 186 B.R. 651 (Bankr.E.D.Va.1995) (cases which have considered this aspect of § 328(a) have not allowed bankruptcy courts to later reduce previously approved contingency fees based upon the usual tests for reasonable compensation).

■ If unpredictable facts or circumstances occur after approval of the agreement, the court may award fees which vary from the terms of a previously approved contract. *In re Olympia Holding Corp.,* 176 B.R. 962 (Bankr.M.D.Fla.1994). Pursuant to § 328(a), where unforeseeable and unexpected circumstances intervene, the bankruptcy court *is* authorized to rewrite the employment agreement. *In re Benassi,* 72 B.R. 44 (D.Minn.1987). Even if the fee arrangement of a professional appointed in a bankruptcy case is clearly and unambiguously spelled out in the order of appointment, Code § 328(a) allows the bankruptcy court to alter the terms of that compensation if such terms and conditions prove to have been improvident. *In re Malcon Developers, Inc.,* 138 B.R. 677 (Bankr.N.D.N.Y.1992). Thus, in improvident situations, the bankruptcy court may disregard fee agreements where necessary and award compensation more appropriate under the individual circumstances of the case. 11 U.S.C. § 328.

■ At the hearing held in this case, substantial testimony was presented that the percentage rates were reasonable for the type of case undertaken by the applicants. When the application for employment is filed pursuant to 11 U.S.C. § 328(a), with the terms of employment specified and the applicant seeks preapproval of those terms, such evidence is necessary *before* the application can be approved. *In re Dividend Development Corp.,* 145 B.R. 651 (Bankr.C.D.Cal. 1992) (section 328(a) clearly anticipates that the court will make a determination as to the reasonableness of a fee arrangement at the

beginning of a case); *In re C & P Auto Transport, Inc.,* 94 B.R. 682 (Bankr.E.D.Cal. 1988) (burden of proof to establish that the proposed terms and conditions of employment are reasonable is on the applicant). As the applicants were approved pursuant to § 328(a), the reasonableness of the arrangement is not the appropriate standard of review. Instead, improvidence is the correct standard of review. In the present case, no evidence that unexpected or unforeseen circumstances was presented that would cause the approval of the employment agreement to be improvident. Consequently, the Court will grant the application for fees as calculated pursuant to the terms of employment set forth in the application for employment and approved by the Court. Based upon the terms set forth in the application of employment, the applicant, Lawrence T. King, is entitled to receive 30% of $11,666.66 (the amount recovered to the estate), which equals $3,500.00 for attorney services rendered to the debtor from January 20, 1994 through September 3, 1996. The applicant, Max C. Pope, Jr., is entitled to receive 20% of $11,666.66, which equals $2333.33 for attorney services rendered to the debtor from January 20, 1994 through September 3, 1996. These amounts were calculated based upon the terms set out in the fee application, previously approved pursuant to § 328, and the amount recovered for the estate.

The applicants further requested reimbursement of expenses incurred or paid in connection with the rendering of said professional services in the sum of $874.55. The Court finds that the expenses incurred in the amount of $291.52 were reasonably incurred incidental to the performance of reasonable and necessary professional services. The Court finds that reimbursement in the amount of $364.05 would be fair and reasonable.

Therefore, for good cause found, it is ORDERED by the Court that applicant, Lawrence T. King, is awarded compensation in the amount of $3,500.00, and applicant Max C. Pope, Jr., is awarded compensation in the amount of $2,333.33 for legal services rendered. It is further ORDERED that the

applicants are awarded reimbursement for expenses in the amount of $291.52.