**WEINTRAUB, GENSHLEA & SPROUL, Law Corporation, Special Counsel for Robert Greely, Chapter 7 Trustee for Lender Service Bureau, a California corporation, Appellant,**

v.

**CHICAGO TITLE COMPANY PRIORITY PUBLISHING AND POSTING, Appellee,**

and

**Office of the United States Trustee, Trustee–Appellee.**

No. 99–17683.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2001.

Decided May 16, 2001.

Before BEEZER, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Weintraub, Genshlea & Sproul, Law Corporation ("Weintraub"), appeals the district court's judgment affirming the bankruptcy court's order disallowing certain fees and costs, which Weintraub incurred during its representation of a chapter 7 Trustee. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we AFFIRM.

We independently review the bankruptcy court's decision, *Friedman Enterprises v. B.U.M. International, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 827–28 (9th Cir.2000), and will not disturb a disallowance of attorneys' fees absent a finding that the court abused its discretion or erroneously applied the law. *Pitrat v. Reimers (In re Reimers )*, 972 F.2d 1127, 1128 (9th Cir.1992).

■ The resolution of this case turns on whether the court's retention order ("Order") was made pursuant to and is controlled by 11 U.S.C. § 328 or, rather, is subject to review under 11 U.S.C. § 330. A bankruptcy court may not conduct a § 330 inquiry into the reasonableness of fees and the benefit of services to the estate if it unambiguously approved the professional's employment agreement under § 328. *B.U.M.*, 229 F.3d at 829.

■ We conclude that the bankruptcy court reserved the power to review fees under § 330, because the terms of the Order are ambiguous and the record shows that Weintraub was on notice that the court would evaluate whether the services and costs were reasonable and necessary to the administration of the estate. *See B.U.M.*, 229 F.3d at 829–30; *see also In re Donaldson*, No. C–95–4528–FMS, 1996 WL 161677, at *3 (N.D.Cal. Apr.2, 1996) ("Where it is ambiguous whether the parties intended to limit the bankruptcy court's authority in awarding attorneys' fees, the bankruptcy court is permitted to authorize a reasonable fee pursuant to 11 U.S.C. § 330."). Although the Order refers to § 328, paragraph one of the Order requires application to the court pursuant to § 330 before any compensation is awarded. Moreover, on several occasions Weintraub communicated its belief that it was subject to § 330 review. For example, all three of Weintraub's fee applications claim that "[p]ursuant to 11 U.S.C. § 330, the Court should allow fees and expenses sought by [Weintraub] because such fees and costs are reasonable in amount, and were necessary to the Trustee's administration of the Debtors' estate."

■ We also hold that the court did not abuse its discretion in conducting its § 330 reasonableness review. The court found that "[b]y the close of discovery, an objective analysis of the evidence by [Weintraub] should have resulted in the conclusion that two of the claims were not worth taking to trial and that the remaining claim was not strong." In other words, the court correctly determined that Weintraub's decision to try the case was not reasonably likely to benefit the estate at the time it was made, and the subsequent services were not necessary.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Contrary to Weintraub's assertions that the court improperly assumed that Weintraub had not tried to settle the case and that such speculation invited invasions into privileged communications, the court in fact relied on objective evidence: detailed time sheets provided by Weintraub support the court's determination that Weintraub spent relatively little time evaluating the merits of the case or engaging in settlement discussions. Although we are sympathetic to Weintraub's belief that litigation was reasonable and necessary, we cannot say that the court abused its discretion in reducing the fee award under § 330.

AFFIRMED.

