
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: WON HO SONG; EUN JA SONG, <br><br>         Debtors. <br> ——————————————— <br><br> WON HO SONG; et al., <br><br>         Appellants, <br>   v. <br><br> HOWARD EHRENBERG, Chapter 7 Trustee; et al., <br><br>         Appellees. | No. 08-60011 <br><br> BAP Nos.   CC-07-1137-DMoPa <br>              CC-07-1160-DMoPa <br><br><br> MEMORANDUM[*] |
| In the Matter of: WON HO SONG; EUN JA SONG, <br><br>         Debtors. <br> ——————————————— | No. 08-60013 <br><br> BAP Nos.   CC-07-1137-DMoPa <br>              CC-07-1160-DMoPa |

———————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

LS/Research

HOWARD EHRENBERG, Chapter 7
Trustee; et al.,

         Appellants,

  v.

WON HO SONG; et al.,

         Appellees.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Montali, and Pappas, Bankruptcy Judges, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

    In these consolidated appeals, Won Ho Song and Eun Ja Song appeal pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order approving $2.5 million in attorney's fees for services rendered by Sung Bae Park and Shapero, Shapero & Hurst (collectively, "special counsel") to the chapter 7 trustee. Special counsel cross-appeals from the judgment of the BAP reversing the bankruptcy court's award of costs. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the BAP's

---

    [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment, *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222-23 (9th Cir. 1999), and we affirm the BAP judgment.

**Appeal No. 08-60011**

The bankruptcy court did not abuse its discretion by awarding compensation to special counsel because Sung Bae Park's representation of the trustee was not in violation of bankruptcy law or state professional conduct rules. *See Pitrat v. Reimers (In re Reimers)*, 972 F.2d 1127, 1128 (9th Cir. 1992) ("This court will not disturb a bankruptcy court's award of attorney's fees absent a finding that the court abused its discretion or erroneously applied the law.") (internal citation and quotation marks omitted).

The Songs' remaining contentions lack merit.

Special counsel's motion to strike portions of the excerpts of record is granted. *See Graves v. Myrvang (In re Myrvang)*, 232 F.3d 1116, 1119 n.1 (9th Cir. 2000) (granting a motion to strike evidence that was not part of the record before the bankruptcy court).

**Appeal No. 08-60013**

We agree with the BAP that the bankruptcy court abused its discretion by awarding costs to special counsel because costs were excluded under the terms of

the employment agreement between the trustee and special counsel, and the bankruptcy court had found that the agreement was not improvident. *In re Reimers*, 972 F.2d at 1128 ("Under section 328, where the bankruptcy court has previously approved the terms for compensation of a professional, when the professional ultimately applies for payment, the court cannot alter those terms unless it finds the original terms to have been improvident . . . .") (internal citation and quotation marks omitted).

**AFFIRMED.**

**Appeal No. 08-60011: AFFIRMED.**

**Appeal No. 08-60013: AFFIRMED.**